JAMES TOMAI, PLAINTIFF-APPELLANT, v. MARIA SAVAS-
TONO, THOMAS SAVASTANO, IDA SAVASTANO, PETER
SAVASTANO, ROCCO LAPPIO, ELIZABETH LAPPIO,
MARIA DARGENZIO AND OREST WAR, DEFENDANTS-
RESPONDENTS.

Submitted October 27, 1933—Decided February 2, 1934.

For the plaintiff-appellant, *Peter Hofstra.*

For the defendants-respondents, *Maurice D. Emont.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment of the New
Jersey Supreme Court. The case was tried before the Com-
mon Pleas judge to whom it was referred for trial at the
Passaic Circuit. The court after hearing the plaintiff's case
granted a motion for nonsuit as to all the defendants.

The facts in the case are that, the plaintiff, James Tomai,
was engaged in the real estate and insurance business at

Paterson, New Jersey. It appears that Thomas Savastano and Ida Savastano, two of the defendants were indebted to one Florence Cornetti and that Tomai was acting as her agent. A meeting of the parties interested in settling this debt went to the office of Peter Hofstra, a member of the bar of this state, who appears for the appellant here. On this particular occasion, Thomas Savastano and his wife, Ida, and William Cornetti, a son of Mrs. Cornetti, and a lawyer of Mr. Hostra's office, were present. There appears to be evidence that Thomas and Ida Savastano owed Mrs. Cornetti the sum of $1,310.86 and that Maria Savastano, the mother of Thomas, owed Mrs. Cornetti $250. Thomas Savastano claimed that the loan which Maria obtained was actually given to him by his mother so that the debt became his and not his mother's. There appears to be some conflict of testimony relative to this matter. It develops, however, that a note was prepared for $1,550 and that this note was signed by Thomas and Ida Savastano and given to Thomas Savastano in order to obtain the endorsement of his mother. Another note was prepared for $1,560.86 which was held by the attorney until the $1,550 note had been endorsed by Maria Savastano and $10.86 paid in cash. Tomai accompanied Thomas and Ida Savastano and William Cornetti to the house of Mrs. Maria Savastano. After some conversation Maria Savastano endorsed the note and Tomai witnessed her signature. The note was afterward returned to the attorney's office and a day or two later the $10.86 was paid. The note became due on March 1st, 1931, and a payment was made by the Savastanos. Another payment was made of $20. On June 8th, 1931, the attorney wrote Mrs. Maria Savastano that she would be held responsible for the payment of the note unless the makers paid the same within five days. On June 12th, 1931, Maria Savastano and Thomas Savastano appeared before one Orest War, a justice of the peace of Passaic county, and made two complaints against the plaintiff, Tomai, alleging that he obtained her signature on the note under false pretenses and with the intent to defraud her and another complaint to the effect that Tomai conspired

with others to cheat and defraud her by obtaining moneys from her and obtaining her signature by false pretenses. As a result warrants were issued and Tomai was apprehended and brought before the said justice of the peace, and released under $10,000 bail. A few days later a hearing was held by the justice, War, who was a defendant below, at which hearing appeared Maria Savastano, Thomas Savastano, Ida Savastano, Peter Savastano, Rocco Lappio, Elizabeth Lappio, Maria Dargenzio and the justice of the peace. All these testified in regard to the promissory note which had been endorsed by Maria Savastano. As a result the justice of the peace held Tomai who afterward appeared before the Second Judicial Criminal Court of Passaic. At the hearing before that court the charge of conspiracy was dismissed but Tomai was held for the grand jury on the charge of obtaining the endorsement of Maria Savastano by false pretenses. Whether an indictment was found does not appear from the state of the case. It does appear, however, that a trial was held before the Passaic County Court of Special Sessions, a trial by jury having been waived. At this trial the judge found Tomai not guilty. After this acquittal Tomai began this action in the Supreme Court. The complaint contains three counts. The first count is for malicious prosecution; second count for conspiracy, and the third count alleges false imprisonment. Damages were claimed on all three counts. After hearing the evidence the judge directed a nonsuit as to all the defendants.

It, therefore, appears from the evidence that Maria Savastano and Thomas Savastano both lodged complaints against the plaintiff, Tomai, and that the criminal action thus begun resulted in an acquittal of Tomai. In addition to this there is evidence in the case as to these two defendants which supports the plaintiff's contention of malice. We are of the opinion that as to Maria Savastano and Thomas Savastano the question of malicious prosecution should have been submitted by the court to the jury and that there was sufficient evidence to take the case beyond a nonsuit. As to the defendants Ida Savastano, Peter Savastano, Rocco Lappio and Maria

Dargenzio, there appears to be no evidence which would support malicious prosecution on their part. The evidence at the criminal hearing was that all the witnesses talked at once and the mere presence of these or some of these defendants at the time the note was endorsed does not sustain a charge of malicious prosecution nor does the fact that some of them or all of them appeared as witnesses at the other criminal hearings sustain such a charge as far as is shown by the evidence. There is no evidence in the case which would justify an action against the justice of the peace, War, for malicious prosecution or conspiracy nor is there any proof of conspiracy on the part of any of the defendants. We are, therefore, of the opinion that the trial court properly ruled on these two counts (*i. e.,* malicious prosecution and conspiracy) as to all the defendants, with the exception of Maria Savastano and Thomas Savastano as above stated.

Appellant contends that the defendant War, the justice of the peace, was without jurisdiction or color of jurisdiction to hold Tomai to bail. Counsel for appellant relies on chapter 204 (*Pamph. L.* 1926, *p.* 337) and chapter 39 and 40 (*Pamph. L.* 1931, *pp.* 83, 84), which acts attempt to take criminal jurisdiction from justices of the peace and place such jurisdiction only in the Judicial Criminal District Courts when such are established. Therefore, appellant contends that War could not hold Tomai to bail. What War did was to receive the complaint, hold Tomai to bail and refer the matter to the Second Judicial Criminal District Court. We do not agree with this contention. A justice of the peace is a constitutional officer and had power in the first instance to entertain complaints, issue warrants and hold to bail in certain criminal cases even though he had no right to try most of such criminal cases. Chief Justice Beasley in the case of *Schroder* v. *Ehlers,* 31 *N. J. L.* 44, 47, said, in discussing the origin and development of the jurisdiction of a justice of the peace, as follows:

"It thus appears that the authority of a justice of the peace, by virtue of his office, is wholly ministerial—to prevent breaches of the peace and bring criminals to justice. Their

civil power is wholly statutory, and where none is expressly conferred they do not possess it."

It is apparent from this that a justice of the peace, who is a constitutional officer, has certain criminal jurisdiction by virtue of his office, and that being so, such criminal jurisdiction cannot be taken from him by statute. We are, therefore, of the opinion that the justice of the peace, War, rightfully received the criminal complaint and had authority to hold the appellant to bail as he did.

For the reasons above stated the judgment under review is affirmed as to all the respondents except Maria Savastano and Thomas Savastano, and as to them, the judgment is reversed to the end that a *venire de novo* may issue as to the first count of the complaint which sets up the ground of malicious prosecution.

*For affirmance in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.